**UNITED STATES of America, Appellee,**

v.

**Kent N. REED, Defendant, Appellant.**

**No. 81–1525.**

United States Court of Appeals,
First Circuit.

Argued March 5, 1982.
Decided April 1, 1982.

Richard L. Rosenfield, Los Angeles, Cal., with whom Flax & Rosenfield, Los Angeles, Cal., was on brief, for appellant.

Jose R. Aguayo, Asst. U. S. Atty., San Juan, P. R., with whom Raymond L. Acosta, U. S. Atty., San Juan, P. R., was on brief, for appellee.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Defendant Kent Nixon Reed pleaded guilty under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 to piloting an airplane which illegally carried some 1,735 pounds of marijuana and 85,000 methaqualone tablets into Puerto Rico. He now appeals from the seven-year sentence imposed upon him by the district court. Defendant seeks to be resentenced, claiming that the district court based its punishment decision upon impermissible factors and erroneous assumptions. We disagree and affirm the district court's judgment.

In his appeal, defendant relies principally upon this court's decision in *United States v. Wardlaw*, 576 F.2d 932 (1st Cir. 1978). In *Wardlaw*, we reversed a sentence in a drug smuggling case where the district court's remarks[1] caused us to believe that it had failed to consider any of the criteria traditionally weighed in sentencing and instead had relied exclusively upon the questionable theory that, by imposing unusually harsh sentences on drug smuggling "mules" (those who smuggle drugs over a border), the court would eventually force the larger dealers into the open. In reaching our conclusion to require resentencing in *Wardlaw*, this court stated that "[d]efendants [are] entitled to have their sentences set primarily in terms of the seriousness of their own crimes and associated individual factors." *Id.*, at 939.

In the present case, unlike *Wardlaw*, the district court engaged in an extensive discussion of various individual factors in passing sentence. The court viewed a videotape of some four character witnesses from California who spoke on defendant's behalf. It explicitly considered defendant's presentence report, his cooperation with the authorities, and the fact that this was his first offense. The court, however, also took account of and weighed quite heavily the fact that defendant "was very much involved" in "a very serious offense" for which he had been offered a considerable amount of money. The court further, and quite legitimately, considered the sentences given to defendant's co-conspirators and the importance of the deterrence factor where drug smuggling is involved. Taking all of these factors together,[2] the court handed down a seven-year sentence (the statutory maximum for the crime at issue is 15 years) with the special proviso that defendant be made eligible for parole after 25 months pursuant to 18 U.S.C. § 4205(b)(1).[3]

The sentence here was thus well within the statutory limits, and the judge indicated that he had given attention to various individual factors including the seriousness of the crime and defendant's role in it. We recognize that the district court made a misstatement in one part of its remarks, to the effect that the defendant "*had to* cooperate with the authorities once he was caught. . . ." (Emphasis added.) This statement is literally incorrect, but can be

---

1. The district judge in *Wardlaw* is the same judge whose sentence is challenged in this appeal.

2. We reject defendant's reading of various portions of the judge's statement as indicating that the judge felt he was somehow *legally* required to render the sentence he did. Rather, we read the judge as having been led by his own judgment to his conclusions.

3. 18 U.S.C. § 4205(b)(1) provides that a district court may

designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court. . . .

**130**

read as simply amounting to an assertion that there was little else for one caught red-handed to do but try to ameliorate his situation by cooperating. While it may be that many judges would have placed a greater premium on cooperation, this is not a black or white issue but a policy judgment left to the discretion of the sentencing judge. A federal court of appeals is without authority to review an otherwise legal sentence except in unusual and extreme circumstances of which this is not one. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *Gore v. United States*, 357 U.S. 386, 393, 78 S.Ct. 1280, 1284, 2 L.Ed.2d 1405 (1958).

Defendant's further argument that the court should have recused itself was not raised below and is, in any event, unsupported on the record before us.

*Affirmed.*