UNITED STATES of America, Appellee,

v.

Juan R. IBERN–MALDONADO,
Defendant, Appellant.

No. 86–1455.

United States Court of Appeals,
First Circuit.

Heard June 5, 1987.

Decided July 22, 1987.

Scott T. Kalisch, Old San Juan, P.R., with whom Samuel Maduro, was on brief, for defendant, appellant.

Theodore R. Carron with whom Jose A. Quiles, Acting U.S. Atty., and Everett M. De Jesus, Dept. of Justice, Hato Rey, P.R., were on brief, for appellee.

Before COFFIN, DAVIS[*] and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

Juan R. Ibern Maldonado was convicted in the United States District Court of Puerto Rico of possessing and distributing over 1000 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1)[1] and sentenced to twelve years imprisonment. He appeals his conviction on the basis that there was insufficient evidence that there was over 1000 pounds of marijuana involved. And he appeals his sentence as having been issued in retaliation for his having exercised his right to go to trial. We affirm.

I

The transaction that formed the basis of Ibern Maldonado's indictment was a conspiracy to bring marijuana from Colombia to Puerto Rico for distribution. Ibern Maldonado, with his co-pilot William Sundback, piloted a plane from Miami to Colombia to pick up marijuana to bring to Puerto Rico. The government's evidence that the

1000 pounds of marijuana to support the sentence he received.

---

[*] Of the Federal Circuit, sitting by designation.

1. At the time Ibern Maldonado was charged, 21 U.S.C. § 841 required a finding of in excess of

plane carried over 1000 pounds of marijuana consisted of the following. First, in response to the court's request that Sundback "make an estimate as to how many bales" of marijuana they flew from Colombia to Puerto Rico, Sundback testified that "[i]f I had to throw in an estimation, I would say about 25, I am not sure." The bales weighed approximately 60 pounds each (60 × 25 = 1500). Second, Sundback testified that Milton Nelson, who hired him to make the flight, later told him that the plane carried 1600 pounds of marijuana.

Ibern objected to the Milton Nelson statement as hearsay that came after the conclusion of the conspiracy. Fed.R.Evid. 801(d)(2)(E) provides that "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. Ibern argued, essentially, that the Milton Nelson statement was not made "in the course ... of the conspiracy."[2] He pursues that objection on appeal and argues that, without that hearsay statement, there is insufficient evidence to support a finding that the marijuana weighed more than 1000 pounds.

Sundback testified that Nelson made the statement one month after the flight when paying Sundback $20,000 for making the flight. At that point the underlying transaction—bringing the marijuana into the United States in return for money—was only just being completed. As the Sixth Circuit has observed: "case law gives ample support to the proposition that payment is an integral and often final term in a conspiracy." *United States v. Hamilton,* 689 F.2d 1262, 1270 (6th Cir.1982) (citing numerous cases). We have held previously that the act of dividing up the proceeds of a bank robbery is "essential" to the central objective of a bank robbery: "to obtain cash illegally." *United States v. Hickey,* 596 F.2d 1082, 1089–90 (1st Cir.1979); *accord United States v. Fortes,* 619 F.2d 108, 117 (1st Cir.1980). The principle behind those cases—that making money is the primary purpose of the crime—compels the same result here. *Cf. United States v.*

*Xheka,* 704 F.2d 974, 985–86 (7th Cir.), *cert. denied,* 464 U.S. 993, 104 S.Ct. 486, 78 L.Ed.2d 682 (1983) (in arson-for-profit scheme, conspiracy continues until insurance money obtained). The statement was made "in the course ... of the conspiracy." Fed.R.Evid. 801(d)(2)(E).

## II

Ibern Maldonado's twelve year sentence is less than the fifteen year maximum sentence for his crime, but greater than Sundback's sentence. He claims that he received a long sentence in retaliation for having exercised his right to go to trial. Yet he submits no evidence of actual vindictiveness. And the circumstances do not pose the realistic likelihood of vindictiveness that would justify a presumption of retaliatory motive. *See United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982); *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *Cf. United States v. Crocker,* 788 F.2d 802 (1st Cir.1986) (remanding for resentencing where court found evidence of actual retaliatory motive in sentencing). We will not lightly overturn a sentence within the statutory limits. *See United States v. Wardlaw,* 576 F.2d 932, 937 (1st Cir.1978). Ibern Maldonado presents no unusual circumstances compelling us to do so here. *See United States v. Reed,* 674 F.2d 128, 130 (1st Cir.1982).

The conviction is *affirmed.*

---

**2.** Ibern did not argue below or on appeal that the statement was not "in furtherance of the conspiracy," Fed.R.Evid. 801(d)(2)(E), and, thus, we do not consider that issue. *See United States v. Miller,* 636 F.2d 850, 853 (1st Cir.1980).